1

2                                               **E-filed 4/4/06**

3

4

5

6

7                            NOT FOR CITATION

8          **IN THE UNITED STATES DISTRICT COURT**

          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

9                    **SAN JOSE DIVISION**

10

11

| | |
|---|---|
| M. DIANE KOKEN, Insurance Commissioner of the Commonwealth of Pennsylvania, acting in her official capacity as Statutory Liquidator of Legion Insurance Company and Villanova Insurance Company, | Case No. C 05-03007 JF<br><br>ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |
|               Plaintiff, | [re: docket nos. 34, 35, 39, 41] |
|    v. | |
| STATECO INC. d/b/a STATECO INSURANCE SERVICES, et al.<br>             Defendants. | |

      On July 22, 2005, Plaintiff M. Diane Koken, Insurance Commissioner of the

Commonwealth of Pennsylvania, acting in her official capacity as Statutory Liquidator of Legion

Insurance Company ("Legion") and Villanova Insurance Company ("Villanova), filed the instant

complaint against Defendants Stateco Insurance Services ("Stateco"), a California corporation,

Thomas Natoli ("Natoli"), XYZ Corps. 1-10, and Does 1-10. Plaintiff alleges five claims for

relief: (1) Breach of contract; (2) Breach of fiduciary duty; (3) Negligence; (4) Alter ego and

conversion; and (5) Demand for accounting. Plaintiff alleges that Legion and Villanova are

entitled to money damages, cost of suit with interest, and attorneys' fees. On December 19,

---

[1] This disposition is not designated for publication and may not be cited.

1  2005, Defendants Stateco and Natoli filed an amended answer to Plaintiff's complaint and

2  counterclaims against Plaintiff, alleging five claims for relief: (1) Breach of contract; (2) Breach

3  of fiduciary duty; (3) Negligence; (4) Conversion; and (5) Demand for accounting.  On

4  December 21, 2005, Defendants filed a third party complaint against Legion's sister companies.

5  On January 5, 2006, Plaintiff filed the instant motion to dismiss Defendants' counterclaims.

6  Defendants oppose the motion.  The Court has considered the parties' briefs as well as the oral

7  argument presented at the hearing on March 31, 2006.  For the reasons set forth below, the

8  motion will be granted.

9

10                                              **I. BACKGROUND**

11         This action is brought by the Statutory Liquidator of two insolvent Pennsylvania

12  domiciled insurers against their reinsurer Stateco and Stateco's President and Owner Natoli.

13  Plaintiff alleges the following: Stateco, an insurance producer, entered into a Management

14  Agreement to market and sell Legion and Villanova insurance policies, effective June 30, 1999.

15  Complaint ("Compl.") ¶¶ 12, 13.  Under this agreement, Stateco is required to "collect premiums

16  due on Legion and/or Villanova insurance policies sold through Entertainment Broker" and to

17  remit these premiums "whether collected or not."  *Id.* ¶ 14**.**

18         Natoli, who is the President and principal of Stateco and a citizen of California, retains

19  exclusive control of Stateco.  *Id.* ¶¶ 6, 20-21.  Plaintiff alleges that because Natoli treats Stateco's

20  assets as his own personal assets by commingling Stateco's funds with his own, Stateco is the

21  alter ego of Natoli.  *Id.* ¶¶ 23-24.  Additionally, Stateco is alleged to be undercapitalized.  *Id.* ¶

22  22.

23         Stateco solicited various customers to procure insurance policies from Legion and

24  Villanova, but failed to collect premiums from these customers for the purchase of Legion and

25  Villanova policies.  *Id.* ¶ 17-19.  As a result of failure of payment, on March 28, 2002, the

26  Commonwealth Court of Pennsylvania (the "Commonwealth Court") issued a Rehabilitation

27  Order placing Legion in rehabilitation and appointing Plaintiff as the Rehabilitator.  *Id.* ¶ 26.  The

28

                                                      2

Rehabilitation Order requires the payment of insurance premiums and commissions to Plaintiff in her capacity as the Rehabilitator.  *Id.*  ¶¶  27-28.  It provides the following:

> All insurance agents, managing agents, brokers or other persons having sold policies of insurance and/or collected premiums on behalf of Legion shall account for all earned premiums and commissions and shall account for and pay all premiums and commissions unearned due to policies canceled in the normal course of business, directly to the rehabilitator at the offices of Legion within 30 days of the date of this Order, or the date of receipt, whichever is later, or appear before this Court to show good cause as to why they should not be required to account to the Rehabilitator.  No insurance agent, broker, or other person shall use premium monies owed to Legion for any purpose other than payment to the Rehabilitator.

*Id.* ¶ 28.

On July 25, 2003, the Commonwealth Court entered an Order of Liquidation declaring Legion insolvent and appointing Plaintiff as the Liquidator.  Liquidation Order ¶¶ 1, 4.  Under this Order, anyone asserting claims against Legion is required to file a proof of claim on or before June 30, 2005.  *Id.* ¶ 16.  "The Liquidator is vested with title to all property, assets, contracts and rights of actions of Legion."  *Id.* ¶ 7.  It further provides:

> All assets of Legion are hereby found to be *in custodia legis* of this Court and this Court asserts jurisdiction as follows: (a) *in rem* jurisdiction over all assets of Legion wherever they may be located and regardless of whether they are held in the name of Legion or in any other name; (b) exclusive jurisdiction over all determinations as to whether assets belong to Legion or to another party; (c) exclusive jurisdiction over all determination of the validity and amount of claims against Legion; and (d) exclusive jurisdiction over the determination of the priority of all claims against Legion.

Liquidation Order ¶ 7.

Upon the liquidation of Legion, Defendants neither remitted funds to Plaintiff nor allowed inspection of their books and records.  Compl. ¶ 33.  Defendants have admitted that they did not file any proof of claim to seek reimbursement of funds from Plaintiff.  Defendants' Opposition Brief to Plaintiff's Motion to Dismiss.

Defendants allege the following additional facts in their counterclaims: Stateco was solicited by Mutual Risk Management Ltd. ("MRM"), the parent company of Legion, to participate in MRM's "rent-a-captive" reinsurance program.  Counterclaims, ¶ 3.  The program

3

Case No. C 05-03007 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX2)

1   requires Stateco to contract with Legion, which acts as a "fronting company." *Id.* MRM then

2   would act as an "offshore captive" to account for Stateco's claims and disburse to MRM

3   subsidiaries. *Id.* This program also requires a third company to act as the underwriter, policy

4   insurance, and rating component, a fourth company to act as the Third Party claims

5   Administrator, and various re-insurers to "participate and receive percentages of the policy

6   premiums equivalent to the percentage of risk assumed." *Id.* In addition to the aforementioned

7   Management Agreement between Stateco and Legion, Stateco also entered into (1) a Quota Share

8   Agreement to reinsure Legion's insurance policy and (2) a "Shareholder Agreement" with

9   another MRM subsidiary. *Id.* ¶¶ 5-7. In particular, the language of the Shareholder Agreement

10  indicates that although Stateco entered into various contracts with Legion and other MGM

11  subsidiaries, Stateco allegedly entered into a complete insurance program. *Id.* ¶ 7. Defendants

12  allege that "the payment, retention, and other terms of each contract . . . cannot be interpreted

13  without reference to each of the other contracts required for the program." *Id.*

14        In April of 2003, Plaintiff, acting in her official capacity as the Insurance Commissioner

15  of the Commonwealth of Pennsylvania and Statutory Rehabilitator of Legion and Villanova,

16  negotiated a "Commutation Agreement" for all liabilities of MRM's subsidiaries to Legion under

17  MRM's various insurance programs. *Id.* ¶ 8. These MRM subsidiaries subsequently turned

18  over funds to Plaintiff.

19

20                    **II. LEGAL STANDARD**

21        A complaint may be dismissed as a matter of law for only two reasons:  (1) lack of a

22  cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Conley v.*

23  *Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-

24  34 (9th Cir. 1984) (citing 2A James Wm. Moore, et al., Moore's Federal Practice ¶ 12.08 at 2271

25  (2d ed. 1982)).  For purposes of this motion to dismiss, all allegations of material fact are taken

26  as true and "construed in the light most favorable to the nonmoving party." *Clegg v. Cult*

27  *Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).  A complaint should not be dismissed

28

Case No. C 05-03007 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX2)

1    "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that

2    would entitle him to relief." *Id.*  However, the Court "is not required to accept legal conclusions

3    cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the

4    facts alleged." *Id.* at 754-55.   Motions to dismiss generally are viewed with disfavor under this

5    liberal standard and are granted rarely.  *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th

6    Cir. 1997).

7

8                                      **III. Discussion**

9            Plaintiff asserts that Pennsylvania's insurance statutes and the Liquidation Order itself bar

10   Defendants' counterclaims in the instant action because 1) the Commonwealth Court had

11   personal jurisdiction over Defendants when the Liquidation Order was entered; 2) Defendants'

12   suit is an *in rem* proceeding; and 3) the counterclaims are barred by California Insurance Code §

13   1064.5.  Plaintiff further argues that Defendants failed to comply with the proof of claim deadline

14   set by the Liquidation Order and that Defendants' claim for setoff is not allowed in a Statutory

15   Liquidator's action to recover insurance premiums.

16           Defendants contend that this Court is not required to dismiss their action because the

17   underlying breach of contract claims do not implicate the underpinnings of a state administrative

18   scheme, and Pennsylvania lacks basis for personal jurisdiction over Natoli.  Defendants also

19   assert that a proof of claim does not need to be filed because Stateco is entitled to offset its

20   reinsurance claims as a result of the mutuality of debts pursuant to 40 Pennsylvania Statutes §

21   221.32(a).

22

23   **A. The Effect of Pennsylvania's Liquidation Statutes and the Liquidation Order**

24           Relying on *Hawthorne*, Defendants assert that this Court is not required to dismiss their

25   counterclaims based on the Pennsylvania statutes and the Liquidation Order because they allege a

26   breach of contract, an *in personam* claim that does not fall under the exception to the *Burford*

27

28                                              5

Case No. C 05-03007 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX2)

abstention doctrine.[2]  *Hawthorne Savings v. Reliance Ins. Co.*, 421 F.3d 835 (9th Cir. 2005), *amended* 433 F.3d 1089 (2006).  In *Hawthorne*, an insured filed various state-law contract-based claims.  The insurer removed the suit to federal court on the basis of diversity of citizenship.  The insurer subsequently was placed in rehabilitation and liquidation proceedings by the Commonwealth Court.  Koken, the appointed liquidator, moved to dismiss the insured's lawsuit on the ground that the Commonwealth Court has the exclusive jurisdiction based on the Liquidation Order.  The Ninth Circuit affirmed the district court's denial of Koken's motion to dismiss, holding that Pennsylvania state court's liquidation and rehabilitation orders were not enforceable because the underlying state-law contract-based suit was an *in personam* proceeding. *Id*.

Plaintiff argues that *Hawthorne* is distinguishable for three reasons.  First, the Commonwealth Court had personal jurisdiction over the Defendants at the time of the Liquidation Order.  Second, Defendants seek *in rem*, rather than *in personam*, relief.  Third, the *Hawthorne* Court did not discuss or rely upon California Insurance Code § 1064.5, which is applicable to the instant action.

*(i). The Commonwealth Court's Personal Jurisdiction Over Defendants*

Plaintiff contends that because the Commonwealth Court had personal jurisdiction over Defendants at the time of the issuance of Legion's liquidation order, Pennsylvania's insurance statutes[3] and the Liquidation Order[4], both of which explicitly prohibit all suits against Legion, the

---

[2]  Under the *Burford* abstention doctrine, district courts may abstain to avoid potential disruption of a state administrative scheme.  *Hawthorne Savings v. Reliance Ins. Co.*, 421 F.3d 835, 845 (9th Cir. 2005), *amended* 433 F.3d 1089 (2006).

[3]  "Upon issuance of an order appointing the commissioner liquidator of a domestic insurer or of an alien insurer domiciled in this Commonwealth, no action at law or equity shall be brought by or against the insurer, whether in this commonwealth or elsewhere, nor shall any such existing actions be continued after issuance of such order." 40 P.S. § 221.26(a).

[4]  "Unless the Liquidator consents thereto in writing, no action at law or in equity . . . shall be brought against Legion or the Liquidator, whether in this Commonwealth or elsewhere, nor shall any such existing action be maintained or further prosecuted after the effective date of this

1   Liquidator, or both, bar Defendants from asserting counterclaims against Plaintiff.  In

2   determining due process limitations upon state power to exercise *in personam* jurisdiction over

3   an out-of-state defendant, this Court must consider whether defendant's activities are

4   "substantial" or "continuous and systematic."  *Data Disc, Inc. v. Systems Technology Associates,*

5   *Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977).  Further, "jurisdiction over [a] corporation will

6   support jurisdiction over [its] stockholders," if the corporation is the "alter ego" of the

7   stockholders.  *Flynt Distributing Co., Inc. V. Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984) (citing

8   *Sheard v. Superior Court*, 40 Cal. App.3d 207, 210 (1974)).  "The court must determine (1) that

9   there is such unity of interest and ownership that the separate personalities of the corporation and

10  the individuals no longer exist and (2) that failure to disregard the corporation would result in

11  fraud or injustice."  *Flynt Distributing Co.*, 734 F.2d at 1393.

12       Here, Defendants have admitted in their counterclaims that Stateco entered into a long-

13  term Management Agreement with Legion in Pennsylvania, selling and collecting premiums on

14  Legion's insurance policies.  Counterclaims, ¶ 4.  This agreement by itself constitutes

15  substantial, continuous, and systematic conduct in Pennsylvania.  It is unclear, however, whether

16  Stateco is the alter ego of Natoli.  The parties agree that Natoli is Stateco's president and

17  principal, but Defendants deny Plaintiff's allegation that Natoli retains exclusive control of

18  Stateco, treats Stateco's assets as his own personal assets through commingling of Stateco's

19  funds with his own, and uses Stateco as a shell and instrumentality.  Amended Answer ¶¶ 21, 23.

20  Defendants also deny that Stateco was and remains undercapitalized.  *Id.* ¶ 22.  Because it

21  concludes that Plaintiff is entitled to prevail on its motion for other reasons, the Court will

22  assume without deciding that Natoli is not subject to personal jurisdiction in Pennsylvania.

23       *(ii). Nature of Relief Sought*

24       State courts may enjoin only *in rem* or *quasi in rem* proceedings before the federal courts,

25  not *in personam* proceedings.  *Hawthorne Savings,* 421 F.3d at 850-51; *see also Donovan v. City*

26

27

28  Order."  Liquidation Order ¶ 23.

7

Case No. C 05-03007 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX2)

1    *of Dallas*, 377 U.S. 408, 413 (1964) ("state courts are completely without power to restrain

2    federal-court proceedings in personam actions"). Here, although Defendants assert contract

3    and tort counterclaims, these counterclaims arise from funds from Legion's estate that allegedly

4    were held in trust for Stateco. Counterclaims, ¶¶ 8- 27. The Liquidation Order specifically

5    identifies the nature of the Commonwealth Court's jurisdiction over Legion. The Order states

6    that the Commonwealth Court asserts "*in rem* jurisdiction over all assets of Legion wherever they

7    may be located . . . [and] b) exclusive jurisdiction over all determinations as to whether assets

8    belong to Legion or to another party." Liquidation Order ¶ 7. Accordingly, because the

9    Commonwealth Court already has asserted  *in rem* jurisdiction over these funds, it may enjoin

10   the present *in rem* proceeding against Stateco.

11        *(iii). Application of California Insurance Code 1064.5*

12        Plaintiff also contends that Defendants are required to file and prove their counterclaims

13   in Legion's liquidation proceeding pursuant to Section 1064.5 of California Insurance Code,

14   rather than Section 1064.9, which was at issue in *Hawthorne*. Section 1064.5(a) provides:

15
16        In a delinquency proceeding in a reciprocal state against an insurer domiciled in
         that state, claimants against such insurer who reside within this state may file
17        claims either with the ancillary receiver, if any, appointed in the state, or with the
         domiciliary receiver. All such claims shall be filed on or before the last date fixed
18        for the filing of claims in the domiciliary delinquency proceeding.

19    Cal. Ins. Code § 1064.5(a). Pennsylvania is a reciprocal state under the California Insurance

20   law. *Hawthorne*, 421 F.3d at 856. Defendants Stateco and Natoli have admitted that they did

21   not file any proof of claim in the Legion's liquidation proceeding before the fixed deadline in

22   Pennsylvania or California. Accordingly, Section 1064.5 bars the counterclaims of both Stateco

23   and Natoli.

24

25   **B. Requirement of Formal Proof of Claim and Defendants' Setoff Claim Assertion**

26

27        Defendants argue that their claims for reimbursement as reinsurers do not require formal

28
                                                    8

proof of claim because they seek "mutual debts" from both Legion, MRM, and MRM's

subsidiaries in a form of "net accounting." They argue that under 40 Pennsylvania Statutes §

221.32 this type of setoff claim is independent of the statutory claims priorities. Section

221.32(a) provides that:

> "[M]utual debts or mutual credits between the insurer and another person in connection with any action or proceeding under this article shall be setoff and the balance only shall be allowed or paid."

40 P.S. § 221.32(a). Section 221.32(b)(4) provides an exception to the collection of such setoff

claim: "no setoff or counterclaim shall be allowed in favor of any person where . . . the obligation

of the person is to pay *premiums*, whether earned or unearned, to the insurer." 40 P.S. §

221.32(b)(4) (emphasis added). Plaintiff is the Commonwealth Court appointed Statutory

Rehabilitator in charge of collecting premiums on behalf of Legion, and the Liquidation Order

directs Plaintiff to take possession of Legion's premiums in trust for Legion. Liquidation Order,

¶¶ 7, 9. However, as clarified by Defendants' counsel during oral argument, Defendants seek to

setoff Stateco's reinsurance claims, not premiums. Accordingly, the exception under §

221.32(b)(4) is not applicable.

Alternatively, Plaintiff argues that Defendants' setoff claim fails because there is a lack of

mutuality in capacity. "For setoff to operate, there must be mutuality of debts and credits," and a

finding of mutuality requires mutuality of both capacity and time. *Koken v. Legion Ins. Co.*, 865

A.2d 945, 954 (Pa. Commw. 2004); *see also Prudential Reinsurance Co. v. Superior Court*, 3

Cal. 4th 1118, 1127 (1992).[5] Mutuality in time requires that "preliquidation insurance

obligations can be set off against other preliquidation obligations." *Koken,* 865 A.2d 945.

Mutuality in capacity requires that "debts exist between the same person or entities, although the

---

[5] The requirement for mutuality includes (1) "the debts must be owed contemporaneously with, or prior to issuance of, the liquidation order;" (2) "such debts must exist between the same persons or entities;" and (3) "the setoff can occur only between persons or entities of equal capacity; debts owed in a fiduciary, agency, trustee, or partnership capacity are not subject to setoff." *Prudential Reinsurance Co.*, 3 Cal. 4th at 1127.

Case No. C 05-03007 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX2)

1   debts may arise from multiple contracts." *Id.*; *see also Dickerson v. Dickersons Overseas Co.*,

2   369 Pa. 244, 249-50 (1952) (holding that defendant's setoff claims are not allowed where some

3   parties to one contract were not parties to other contract). "In the absence of an express mutual

4   agreement that the subsidiary would be deemed a mutual debtor-creditor to the parent," the setoff

5   doctrine does not extend to the debts between a parent company and its subsidiaries. *Prudential*

6   *Reinsurance Co.*, 3 Cal. 4th at 1137.

7       While it is evident that the mutuality of time requirement is satisfied, Defendants have

8   failed to allege adequately mutuality of capacity. The question is whether Legion, MRM, and

9   MRM's subsidiaries are considered to be a single entity. Defendants argue that Stateco not only

10  entered into the Management Agreement with Legion, but also entered into a "package of

11  agreements together with" MRM, which are part of a single insurance program. They allege that

12  Legion and MRM also settled their inter-company accounting without consideration of a net

13  balancing of debits and credits among different reinsurers through the Commutation Agreement.

14  Essentially, Defendants argue that such "net accounting" practice makes Legion, MRM, and

15  MRM's subsidiaries one entity. "If multiple affiliates or non affiliated insurers have formed a

16  pool to act as a single entity, and premiums and losses have been aggregated through a course of

17  dealing, mutuality of capacity may be found to exist." *Koken*, 865 A.2d at 954.

18      Here, the Commutation Agreement to consolidate MRM's liabilities to Legion was not

19  entered into between Koken and MRM until three months prior to Legion's declaration of

20  insolvency. Defendants claim that they entered into "various contracts with various companies

21  [including Legion and other MRM companies] under various corporate forms." Counterclaims. ¶

22  7. Defendants also allege that the terms of each contract "cannot be interpreted without reference

23  to each of the other contracts required for the program." *Id.* However, the Management

24  Agreement, which Stateco entered into on June 30, 1999, does not indicate that Stateco also has

25  contractual obligations to other MRM subsidiaries. Nor was there an "express mutual

26  agreement" that Legion is a mutual debtor-creditor to its parent company MRM. Based on te

27  facts presently alleged, the Court concludes that Legion and MRM were not held out or operating

28

10

as a single entity through "a course of dealing."  Accordingly, mutuality in capacity does not exist to support Defendants' setoff claim.

## IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that Plaintiff's motion to dismiss is GRANTED, with leave to amend.  Any amended counterclaim shall be filed within twenty (20) days of the date of this Order.


DATED:___April 4, 2006_____

JEREMY FOGEL
United States District Judge

Case No. C 05-03007 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX2)

This Order has been served upon the following persons:

Jean L. Bertrand jlb@mjllp.com, nyp@mjllp.com

John P. Kern jkern@manatt.com, jyoung@manatt.com

Adrienne S. Leight asl@mjllp.com, awl@mjllp.com

Laura Anne Palazzolo laura.palazzolo@berliner.com, tonya.rogers@berliner.com

Anthony R. Twardowski atwardowski@wolfblock.com, mcrowley@wolfblock.com

Michael B. Cavadel
Wold Block Schorr and Solis-Cohen LLP
1650 Arch Street
22nd Floor
Philadelphia, PA 19103

Case No. C 05-03007 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX2)